UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CARLOS D. THOMPSON, | : | Case No. 2:22-cv-2042 |
| Petitioner, | : | |
| | : | District Judge Sarah D. Morrison |
| vs. | : | Magistrate Judge Karen L. Litkovitz |
| | : | |
| WARDEN, PICKAWAY CORRECTIONAL INSTITUTION, | : | **ORDER** |
| | : | |
| Respondent. | : | |

This habeas corpus action is before the Court on petitioner's motion to appoint counsel (Doc. 2), motion for judicial notice (Doc. 8), and motion to expand the record (Doc. 14).

**A. Motion to Appoint Counsel**

With respect to petitioner's motion to appoint counsel, there is no constitutional right to counsel in a federal habeas corpus proceeding. *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). Pursuant to 18 U.S.C. § 3006A, the Court may permit the appointment of counsel for any financially eligible person seeking relief under 28 U.S.C. § 2254 if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2). The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court. *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986). Factors influencing a court's decision include the complexity of the factual and legal issues in the case, as well as the petitioner's ability to investigate facts and present claims. *Reese v. Fulcomer*, 946 F.2d 247, 264 (3d Cir. 1991). Circuit courts have found no abuse of a district court's discretion in failing to appoint counsel in a federal habeas corpus proceeding where no evidentiary hearing was required or the issues were straightforward and capable of resolution on the record. *Terrovona v. Kincheloe,* 912 F.2d 1176, 1177 (9th Cir. 1990); *Ferguson v. Jones,*

905 F.2d 211, 214 (8th Cir. 1990). *See also Reese,* 946 F.2d at 264. Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required. *See Swazo v. Wyoming Dept. of Corrections State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994); Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

After consideration of petitioner's motion, it appears at this juncture in the proceedings that the issues to be decided will be straightforward and capable of resolution on the record. Accordingly, petitioner's motion to appoint counsel (Doc. 2) is **DENIED.**

### B. Motion for Judicial Notice

In the motion for judicial notice, petitioner requests that the Court take judicial notice of several purported facts that he claims adversely affect his ability to respond in this case. (Doc. 8). Petitioner first asks that the Court take judicial notice that he requested his institution to deduct the filing fee from his prison trust account. Second, citing changes in the Ohio Department of Rehabilitation and Correction (ODRC) mail policies, petitioner claims receipt of Court orders is delayed "making it virtually impossible for [him] to meet any deadlines." (*Id.* at PageID 79). On this basis, petitioner claims the ODRC is denying him and other inmates access to the courts.

Plaintiff's motion (Doc. 8) is **DENIED**. First, petitioner paid the filing fee in this action prior to filing his motion for judicial notice. Judicial notice on this issue is therefore unnecessary. Second, with respect to the ODRC mail policies, petitioner's access-to-the-courts claim is not cognizable in this federal habeas corpus proceeding. *See Thomas v. Keohane*, Case No. 88-6216, 1989 WL 63334, at *2 (6th Cir. 1989) (finding that a claim regarding interference with prisoner mail is a civil rights claim not cognizable on federal habeas review) (citing *Prieser v. Rodriguez,* 411 U.S. 475, 484 (1973)). To the extent that petitioner experiences difficulty meeting Court-

imposed deadlines, he may file for an extension of time setting forth the basis for the motion and/or delay in receiving his legal mail.

### C. Motion to Expand the Record.

Finally, petitioner has filed a motion to expand the record (Doc. 14), which is opposed by respondent (Doc. 15). Petitioner requests that this Court order respondent to expand the record to include transcripts from the entire state court proceedings. In particular, petitioner indicates that transcripts of his suppression hearing is relevant to Grounds One and Two of the petition:

> **GROUND ONE**: The trial court erred to the prejudice of Mr. Thompson when it failed to suppress all the evidence including statements which resulted from the search of his Arch Street residence where both the search warrant affidavit and search warrant itself were defective in that they did not meet particularity or probable cause requirements of the Fourth Amendment to the U.S. Constitution and Art. I, Section 14 of the Ohio Constitution.
>
> **GROUND TWO**: The trial court erred to the prejudice of Mr. Thompson when it failed to disclose the names of alleged informants mentioned in the search warrant affidavit in violation of the 6th and 14th Amendments to the United States Constitution and Article I, Section 10 and 16 of the Ohio Constitution.

(Doc. 5 at PageID 57, 62). In response, respondent indicates that the transcripts have been requested and are being located. Respondent further contends that the transcripts are not relevant because petitioner's first ground for relief is not cognizable and both grounds were procedurally defaulted and waived. (*See* Doc. 15).

At this juncture in the proceedings, petitioner's motion is denied. As indicated above, respondent has filed a return of writ, arguing in relevant part that Ground One is not cognizable and Grounds One and Two are procedurally defaulted. (*See* Doc. 13 at PageID 467-69, 477-78). The Court has not evaluated respondent's arguments. Should the Court determine that the requested transcripts would assist the Court in the adjudication of the petition, it may order the that the transcripts be produced at that time. However, at this juncture in the proceedings,

3

petitioner's motion to expand the record (Doc. 14) is **DENIED**.

Petitioner is **GRANTED** an extension of time of **twenty-one (21) days** from the date of this Order to file and serve a reply to the return of writ.

**IT IS SO ORDERED.**

Date: 1/6/2023

Karen L. Litkovitz
United States Magistrate Judge