# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

CARLOS D. THOMPSON ,

        Petitioner,    :    Case No. 2:22-cv-2042

- vs -        District Judge Sarah D. Morrison
        Magistrate Judge Michael R. Merz

WARDEN, Pickaway Correctional
  Institution,

                :
        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Carlos Thompson pursuant to 28 U.S.C. § 2254, is before the Court for decision on the merits. Relevant pleadings are the Petition (ECF No. 5), the State Court Record (ECF No. 12), the Return of Writ (ECF No. 13), and Petitioner's Traverse (ECF No. 19). The Magistrate Judge reference in the case was recently transferred to the undersigned to help balance the workload in this District.

**Litigation History**

On October 19, 2018, the Ross County Grand Jury indicted Thompson on one count of possession of heroin in an amount equal to or exceeding one hundred grams, in violation of Ohio Revised Code § 2925.11, with a major drug offender specification, (Count 1), one count of aggravated possession of drugs (psilocyn), in violation of Ohio Revised Code § 2925.11, (Count 2), and two counts

1

of having weapons while under disability, in violation of Ohio Revised Code § 2923.13. After his motion to suppress was denied, Thompson tried the case to a jury which convicted him of possession of heroin, but was unable to reach a verdict on the other counts, which were then dismissed. Thompson was sentenced to eleven years imprisonment.

Thompson appealed to the Fourth District Ohio Court of Appeals which affirmed (Decision, State Court Record, ECF No. 12, Ex. 21). The Supreme Court of Ohio declined to exercise jurisdiction over a further appeal. *Id.* at Ex. 25. Thompson then filed his Petition for Writ of Habeas Corpus in tis Court, pleading the following grounds for relief:

> **Ground One**: The trial court erred to the prejudice of Mr. Thompson when it failed to suppress all the evidence including statements which resulted from the search of his Arch Street residence where both the search warrant affidavit and search warrant itself were defective in that they did not meet particularity or probable cause requirements of the Fourth Amendment to the U.S. Constitution and Art. I, Section 14 of the Ohio Constitution.
>
> **Ground Two**: The trial court erred to the prejudice of Mr. Thompson when it failed to disclose the names of alleged informants mentioned in the search warrant affidavit in violation of the 6th and 14th Amendments to the United States Constitution and Article I, Section 10 and 16 of the Ohio Constitution.
>
> **Ground Three**: Mr. Thompson's conviction was made against the manifest weight in violation of the Amendment to the U.S. Constitution and its Ohio Constitutional Counterpart.
>
> **Ground Four**: It was cruel and unusual punishment in the denial of the Defendant/Appellant request for an appeal bond.

(Petition, ECF No. 5, PageID 62, 65, 68).

## Analysis

**Ground One:  Failure to Suppress Illegally Seized Evidence**

In his First Ground for Relief, Thompson claims he was convicted on evidence seized in violation of the Fourth Amendment and parallel provisions of the Ohio Constitution.

Federal habeas corpus is available only to correct federal constitutional violations.  28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983).  "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018)(Thapar, J. concurring).  Therefore this Court cannot consider claims arising under the Ohio Constitution.

With respect to Fourth Amendment claims, their review in habeas corpus is barred if the petitioner received a full and fair opportunity to litigate them in state court.  *Stone v. Powell,* 428 U.S. 465 (1976).  *Stone* requires the district court to determine whether state procedure in the abstract provides full and fair opportunity to litigate, and Ohio procedure does.  The district court must also decide if a Petitioner's presentation of claim was frustrated because of a failure of the state mechanism. Habeas relief is allowed if an unanticipated and unforeseeable application of a procedural rule prevents state court consideration of merits.  *Riley v. Gray*, 674 F.2d 522 (6th Cir.

3

1982).  The *Riley* court, in discussing the concept of a "full and fair opportunity," held:

> The mechanism provided by the State of Ohio for resolution of Fourth Amendment claims is, in the abstract, clearly adequate. Ohio R. Crim. P. 12 provides an adequate opportunity to raise Fourth Amendment claims in the context of a pretrial motion to suppress, as is evident in the petitioner's use of that procedure. Further, a criminal defendant, who has unsuccessfully sought to suppress evidence, may take a direct appeal of that order, as of right, by filing a notice of appeal. See Ohio R. App. P. 3(A) and Ohio R. App. P. 5(A). These rules provide an adequate procedural mechanism for the litigation of Fourth Amendment claims because the state affords a litigant an opportunity to raise his claims in a fact-finding hearing and on direct appeal of an unfavorable decision.

*Id*. at 526.

Petitioner opposes application of *Stone*, asserting the State waived the *Stone v. Powell* bar because it never raised that defense until filing the Return (Traverse, ECF No. 19, PageID 501). Thompson relies on *Young v. Conway,* 698 F.3d 69 (2d Cir. 2012).  There the appellate court, the federal Second Circuit of Appeals, held the State had waived the *Stone* bar by not raising it in the District Court "despite four years and numerous opportunities to do so."  In contrast, Respondent in this case has raised the *Stone* bar at its very first opportunity, in the Return of Writ.

Merits consideration of Ground One is barred by *Stone* and it should be dismissed on that basis.

**Ground Two:  Failure to Disclose Identity of Informants**

In his Second Ground for Relief, Thompson claims failure of the trial court to divulge the identity of the confidential informants referenced in the search warrant violated his Sixth Amendment right to confrontation of witnesses against him and his rights under the Ohio

4

Constitution.  For reasons given above, this Court cannot consider the Ohio constitutional claim.

This claim was presented as Thompson's Second Assignment of Error on appeal:

> {¶ 100} In his second assignment of error, appellant argues that the trial court erred by denying his motion to disclose the identity of the CI [confidential informant] and the CS [confidential source]. Appellant contends that he needed the identity of the CI and the CS to "produce testimony that they may have been in the house and planted evidence."

*State v. Thompson, supra*.

The court noted that the State has a privilege as a matter of state law not to disclose the identity of an informant. *Id.* at ¶ 101, citing *State v. Bays,* 87 Ohio St. 3d 15, 24 (1999).  That privilege must give way under certain circumstances including "when the testimony of the informant is vital to establishing an element of the crime or would be helpful or beneficial to the accused in preparing or making a defense to criminal charges."  *Id.* at ¶ 102, citing *State v. Williams,* 73 Ohio St.3d 153, 172 (1995).  A trial judge's decision on whether to release the identity of informants is reviewed for abuse of discretion. *Id.*

> {¶108} In the case at bar, neither the CI nor the CS provided evidence or testimony used at trial to establish the essential elements of the charged offenses. Instead, detectives used the information from the CI and the CS to establish probable cause to obtain a warrant to search appellant's residence.  Appellant's criminal charges were based upon evidence discovered during the search of his residence, not upon any evidence that the CI or CS disclosed. **In short, the CI and the CS acted as tipsters, not as vital witnesses.** Consequently, we do not believe that the trial court's denial of appellant ' s motion to compel the state to disclose the CI ' s and CS's identities constitutes an abuse of discretion.

*Id.* (emphasis supplied).

The Fourth District decided Thompson's Second Assignment of Error as a matter of Ohio privilege law.  In this Court Thompson continues to insist that the decision was in error, but this Court does not sit to correct possible errors of state law.  *Estelle v. McGuire*, 502 U.S. 62, 67-68

(1991).  The sole federal constitutional question presented by Ground Two is whether failure to disclose the names of the informants violated the Confrontation Clause.  Although the Fourth District did not decide that question explicitly, it provided the key factual finding when it found that their statements were not introduced in evidence at trial.

The relatively recent expansion of Confrontation Clause jurisprudence began with Justice Scalia's opinion for the Court in *Crawford v. Washington*, 541 U.S. 36 (2004), holding that

> "[t]estimonial statements of witnesses absent from trial have been admitted only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine."). The Confrontation Clause bars "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant has a prior opportunity for cross-examination…"

*Id.* at 53-54 (2004).  The Supreme Court has never extended the Confrontation Clause to require disclosure of the identity confidential informants when their role was providing probable cause for a search warrant.  Obviously if they appeared to testify as state's witnesses at trial, their identity would be disclosed and, more importantly, they would be subject to cross-examination.  Additionally, their potential use to build a defense would be a matter of discovery, which is not constitutionally guaranteed by the Confrontation Clause.

Thompson's Second Ground for Relief is therefore without merit and should be dismissed with prejudice.

**Ground Three:  Conviction Against the Manifest Weight of the Evidence**

In his Third Ground for Relief Thompson claims his conviction is against the manifest weight of the evidence presented at trial.  This does not state a claim for relief under the

Constitution and is therefore not cognizable in habeas corpus. A weight of the evidence claim is not a federal constitutional claim. *Johnson v. Havener*, 534 F.2d 1232 (6th Cir. 1986). Thompson acknowledges that this claim is not cognizable (Traverse, ECF No. 19, PageID 507). Ground Three should therefore be dismissed with prejudice.

**Ground Four:  Cruel and Unusual Punishment by Denial of an Appeal Bond**

In his Fourth Ground for relief, Thompson asserts he was subjected to cruel and unusual punishment when he was denied an appeal bond. Respondent argues there is no federal constitutional right to an appeal bond (Return of Writ, ECF No. 13, PageID 471, citing *United States v Salerno*, 481 U.S. 739 (1987); *Bloss v. People of State of Mich.*, 421 F.2d 903, 905 (6th Cir. 1970); *see also Rehman v. California*, 85 S.Ct. 8 (1964). Thompson makes no response to this argument. In addition, any such claim would be moot because Thompson is no longer in custody in lieu of an appeal bond.

Therefore the Fourth Ground for Relief should be dismissed with prejudice.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not

be permitted to proceed *in forma pauperis*.

August 21, 2023.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge
